UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                           :

**GLOBALWORKS GROUP LLC,**       :
        Plaintiff,                  :

              -against-       :

                                        :

**DISH PURCHASING CORPORATION**
and **DISH AFFILIATES,**          :
        Defendants,         :
                                        :
----------------------------------------------------------------X

**COMPLAINT
FOR BREACH OF CONTRACT;
QUANTUM MERUIT; AND UNJUST
ENRICHMENT**

Case No.: _____

Plaintiff, GlobalWorks Group LLC, by its attorneys, Griffin Hamersky LLP, for its complaint (the "Complaint") herein respectfully shows and alleges to this honorable Court:

## THE PARTIES

1.      At all times hereinafter mentioned, the plaintiff, GlobalWorks Group LLC ("Global"), was and is a registered foreign limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, registered to do business in New York as a foreign limited liability company with its principal place of business at 220 5th Avenue, New York, New York 10001.[1]

2.      Upon information and belief, at all times hereinafter mentioned, the defendant, DISH Purchasing Corporation ("DISH"), was and is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Colorado, with its principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

3.      Upon information and belief, DISH has various affiliated entities and persons related to this action, who control, or are directly or indirectly controlled by, or under common control with another person or entity related to DISH (the "DISH Affiliates").

---

[1] Plaintiff is no longer actively conducting business.

4.      Upon information and belief, at all times hereinafter mentioned, DISH Network L.L.C. ("DISH Network") was and is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Colorado, actively registered to do business in New York as a foreign limited liability company with its registered agent located at Corporation Service Company, 80 State Street, Albany, New York 12207-2543.  DISH Network is a DISH Affiliate, pursuant to the Marketing Services Agreement (defined below), and is the primary party that contracted with Global.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a)(1), in that (a) the matter involves a controversy between citizens of different states – DISH having corporate citizenship in the state of Colorado and Global having corporate citizenship in the state of New York; and (b) the amount in controversy ($969,565.83 exclusive of interest and costs) exceeds the $75,000 jurisdictionally required minimum.

6.      Venue is proper in this Court, pursuant to (a) 28 U.S.C. § 1391(b)(2), as a "substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of New York; and (b) 28 U.S.C. § 1391(c)(2), as DISH and DISH Network conduct business in this District and have purposefully availed themselves of the laws of the state New York, invoking the benefits and protections of such laws.

## FACTUAL ALLEGATIONS

### A.  The Marketing Services Agreement and Statement of Work

7.      On October 18, 2013, DISH and Global entered into a 17-page Marketing Services Agreement (the "Marketing Services Agreement"), pursuant to which Global agreed to

provide marketing services to DISH and the DISH Affiliates.  A copy of the Marketing Services Agreement is annexed hereto as Exhibit "1," and is incorporated herein by reference.

8.      On November 1, 2013, DISH and Global entered into that certain statement of work (the "Statement of Work," together with the Marketing Services Agreement, the "Agreements").  A copy of the Statement of Work is annexed hereto as Exhibit "2," and is incorporated herein by reference. The Services to be provided under the Marketing Services Agreement were set forth in the Statement of Work, which was incorporated by reference into the Marketing Services Agreement.

9.      Pursuant to the Statement of Work, Global agreed to provide "marketing, consulting, and/or other services . . . in connection with marketing campaigns, promotions and/or activities . . . designated by DISH" (the "Services").  *See* Ex. 2, Statement of Work at ¶2.1.

10.     The Agreements expired on December 31, 2014 and have not been renewed.

11.     Notwithstanding their expiration, Global and DISH continued to perform pursuant to the terms of the Agreements until July 2015.

12.     Global has fully performed the Services in the Agreements up through and including July 17, 2015.

**B.  The Outstanding Amount Owed to Global**

13.     Pursuant to the Agreements, DISH is obligated to pay Global $969,565.83 (the "Outstanding Amount") for the Services, as rendered from December 1, 2014 to July 17, 2015 (the "Unpaid Service Period").

14.     DISH has failed to pay the Outstanding Amount.

15.    The Outstanding Amount consists of: (a) Vendor Amounts (defined below), which are direct costs incurred by Global in performing the Services; and (b) $400,000 in fees earned by Global (the "Earned Service Fees") pursuant to the terms of the Agreements for Global's performance of the Services.

16.    Global submitted the following invoices to DISH for payment (the "Invoices") relating to the Services:

| Invoice Date | Invoice Nos. | Amount Due |
|---|---|---|
| 5/1/2015 | 6274 | $100,000.00 |
| 5/14/2015 | 6290 | $10,067.50 |
| 5/15/2015 | 6292, 6293, 6294, 6296 | $113,195.49 |
| 5/19/2015 | 6301 | $810.00 |
| 5/22/2015 | 6309 | $2,160.00 |
| 5/29/2015 | 6329 | $810.00 |
| 6/1/2015 | 6334 | $100,000.00 |
| 6/12/2015 | 6359, 6360 | $41,897.50 |
| 11/1/2015 | 6358, 6402, 6403, 6420, 6435, 6436, 6437, 6438, 6444, 6445, 6446, 6447, 6448 | $74,867.10 |
| 6/12/2015 | 6361, 6362, 6363, 6364, 6365, 6366 | $160,400.61 |
| 7/1/2015 | 6461 | $100,000.00 |
| 7/13/2015 | 6427, 6428, 6429, 6430, 6431, 6432, 6432, 6433, 63434 | $176,320.56 |
| 7/15/2015 | 6212 | $0.50 |
| 8/1/2015 | 6462 | $100,000.00 |
| | *Invoice Credits:* | *-$10,963.43* |
| | **Amount Due:** | **$969,565.83** |

17.    DISH has failed to pay any portion of the Invoices.

**C.  Global's Unpaid Vendor Obligations Resulting from DISH's Refusal to Pay**

18.    Global has been unable to satisfy various third party vendor obligations (the "Vendor Obligations") that it incurred in direct relation to, and in reliance on, its contractual

and business relationship with DISH and the DISH Affiliates under the Agreements because DISH has not paid the Outstanding Amount.

19.     Global owes an aggregate of $569,565.83 in Vendor Obligations (the "Vendor Amounts"), which Global has been unable to pay because DISH has improperly withheld the Outstanding Amount.

20.     There is no privity of contract among DISH, the DISH Affiliates or the various third party vendors (the "Vendors") that are owed the Vendor Amounts.

21.     Global's payment of the Vendor Amounts is not a condition precedent to DISH's payment of obligations due and owing to Global under the Agreements.

**D.  Global's Efforts to Reach A Consensual Resolution with DISH**

22.     Notwithstanding their obligation to pay Global under the terms of the Agreements, DISH and the DISH Affiliates have refused to pay the Outstanding Amount, as DISH and the DISH Affiliates allege Global has failed to pay certain of the Vendors.

23.     For nearly six months, Global has sought an amicable resolution with DISH and the DISH Affiliates regarding the Outstanding Amount.

24.     Global's efforts have ranged from, *inter alia*, (a) seeking clarity on the amounts owed and potential disputes among the parties; (b) providing DISH with draft settlement and escrow-related agreements with respect to the Vendor Amounts; (c) demonstrating the financial hardship and related Vendor litigation that DISH's refusal to pay has caused Global; and (d) proposing to indemnify DISH from any and all Vendor-related claims or liability relating to the Vendor Amounts.

25.     Specifically, on March 22, 2016, Global contacted DISH seeking to resolve the matter pertaining to the Outstanding Amount through the concept of tri-party

settlement agreements among Global, DISH and/or the DISH Affiliates, and each of the Vendors.

26.     On that same date, Global submitted a proposed settlement to DISH, which contemplated: (a) settlements among Global, DISH and/or the DISH Affiliates, and each of the Vendors; (b) DISH's payment of the Vendor Amounts and the Earned Service Fees into escrow to satisfy the Vendor Obligations; and (c) indemnification of DISH and the DISH Affiliates from any and all Vendor-related claims or liability relating to the Agreements (the "Proposed Settlement").  A copy of the Proposed Settlement is annexed hereto as Exhibit "3" and incorporated herein by reference.

27.     Global has provided DISH with all of the information and documentation that it requested to evaluate the Proposed Settlement.

28.     Specifically, Global contacted DISH no fewer than eight times in April 2016 to provide information as requested by DISH, and to follow up regarding a resolution of the parties' dispute.

29.     Global's requests for DISH's comments or a counter-proposal to the Proposed Settlement were largely ignored.

30.     On May 3, 2016, Global contacted DISH, twice, to obtain comments to the Proposed Settlement; in response, DISH promised to move the proposal forward that week.

31.     By May 6, 2016, DISH had been in possession of the Proposed Settlement for six weeks – it also marked the end of the week that DISH advised it would have a response to the settlement offer.

32.     Despite explicitly promising to provide Global with feedback and comments to the Proposed Settlement, DISH did not provide comments or otherwise follow up with Global.

33.     On May 6, 2016, Global sent a letter to DISH demanding turnover of the Outstanding Amount and advising of Global's intent to commence litigation in the event that DISH failed to comply (the "Demand Letter").  A copy of the Demand Letter is annexed hereto as Exhibit "4" and incorporated herein by reference.

34.     On May 9, 2016, DISH assured Global that it would present the Proposed Settlement to management for consideration.

35.     On May 13, 2016, Global followed up with DISH requesting an update regarding DISH's position on the Proposed Settlement.

36.     After further correspondence between the parties, DISH agreed to provide comments to the Proposed Settlement by May 20, 2016.

37.     DISH, however, did not, and has not, provided comments, nor has it contacted Global to offer clarity as to when DISH would be providing comments.

38.     On May 20, 2016, Global requested an update on the status of DISH's comments to the Proposed Settlement.

39.     On May 23, 2016, DISH sent a letter to Global (a) seeking indemnification; (b) stating Global was in breach of the Marketing Services Agreement; and (c) noting that DISH was continuing to review the Proposed Settlement (the "DISH Response Letter").  A copy of the DISH Response Letter is annexed hereto as Exhibit "5" and incorporated herein by reference.

40.     On June 2, 2016, Global made a final demand for payment of the Outstanding Amount, with such amount to be paid no later than June 8, 2016 (the "Final Demand Letter").   A copy of the Final Demand Letter is attached hereto as Exhibit "6" and is incorporated herein by reference.

41.     On June 7, 2016, DISH advised Global that a meeting was scheduled with management for June 13, 2016 to discuss the Proposed Settlement and requested that Global refrain from commencing legal action prior to that date.

42.     By the close of business on June 13, 2016, DISH had not contacted Global regarding DISH's position with respect to the Proposed Settlement.

43.     On June 15, 2016, Global contacted DISH seeking a status update.

44.     On June 16, 2016, DISH responded that it was working on a counter-offer to the Proposed Settlement.

45.     On June 21, 2016, Global contacted DISH again regarding the Proposed Settlement, to which DISH responded that a meeting was scheduled by certain members of DISH management for June 24, 2016 (the "June 24 Meeting") to further consider the Proposed Settlement and a counter-offer.

46.     In conjunction with the parties' June 21st correspondence, DISH advised Global that it would provide a status update at the conclusion of the June 24 Meeting.

47.     DISH failed to follow up with Global following the purported June 24 Meeting.

48.     On July 5, 2016, Global again contacted DISH seeking a status update.

49.    By July 5, 2016, 75-days had passed since Global provided the Proposed Settlement and DISH had not provided a counter-offer to Global or returned comments to the Proposed Settlement.

**E.  Global Is Entitled to Bring Suit for Payment**

50.    Global is entitled to payment of the Outstanding Amount in the sum of $969,565.83, which consists of the (a) Vendor Amounts and (b) Earned Service Fees.

51.    The Outstanding Amount represents the value of Global's Services.

52.    DISH and the DISH Affiliates have retained the benefit of Global's Services.

53.    DISH and the DISH Affiliates have failed, refused, and neglected to pay Global any portion of the Outstanding Amount due and owing for the Services, despite multiple demands by Global.

54.    DISH and the DISH Affiliates are in breach of the Agreements or, alternatively, have been unjustly enriched from Global providing the Services.

55.    Global made demand for payment on May 6, 2016 and June 2, 2016.  *See* the Demand Letter, and Final Demand Letter, respectively.

56.    Pursuant to the Final Demand Letter, demand for payment of the Outstanding Amount was due no later than June 8, 2016.  *See* Final Demand Letter.

57.    As of the filing of this Complaint, DISH and the DISH Affiliates have not paid any portion of the Outstanding Amount.

**COUNT I**
**ACTION FOR BREACH OF CONTRACT**

58.    "Under New York law, the elements of a cause of action to recover damages for breach of contract are: '(1) the existence of a contract, (2) the plaintiff's

performance under the contract, (3) the defendant's breach of the contract, and (4) resulting damages.'" *Ward v. TheLadders.com, Inc.*, 3 F.Supp.3d 151, 158 (S.D.N.Y. 2014) quoting *Palmetto Partners, L.P. v. AJW Qualified Partners, LLC*, 83 A.D.3d 804, 921 N.Y.S.2d 260, 264 (2011).

59.     Global repeats, reiterates, and realleges each and every allegation contained in Paragraphs "1" through "57" above as though more fully set forth at length herein.

60.     As described in Paragraphs "1" through "6," Global, DISH, and the DISH Affiliates entered into the Agreements on October 18, 2013.

61.     DISH and the DISH Affiliates breached the Agreements.

62.     Global adequately performed and provided Services under the terms of the Agreements.

63.     DISH and the DISH Affiliates have not paid any portion of the Outstanding Amount.

64.     Global's outstanding obligations to the Vendors for the Vendor Amounts do not excuse DISH and the DISH Affiliates from satisfying their obligations under the Agreements.

65.     Pursuant to paragraph 2.5 of the Marketing Services Agreement, DISH and the DISH Affiliates had 60 days to dispute the Invoices submitted by Global.  *See* Ex. 1, Marketing Services Agreement at ¶2.5.  Absent dispute raised within that period, DISH and the DISH Affiliates were required to pay the Invoices.  *See* Ex. 1, Marketing Services Agreement at ¶2.5.

66.     DISH and the DISH Affiliates did not dispute any of the Invoices within the period set forth in the Marketing Services Agreement, therefore payment of the Invoices is due and owing.

67.     Withholding payment is not a remedy available to DISH and the DISH Affiliates under the Agreements.

68.     As such, DISH and the DISH Affiliates have breached the Agreements by refusing to pay the Outstanding Amount.

69.     Payment of the Services is a major component of the Agreements, thus, DISH and the DISH Affiliates' failure to pay pursuant to the Agreements is a material breach.

70.     As a result of DISH and the DISH Affiliates' failure to pay the Outstanding Amount, Global cannot pay the Vendor Amounts.

71.     Global's inability to pay the Vendor Amounts due to DISH and the DISH Affiliates' failure to comply with the Agreements has caused damage to Global.

72.     As a direct result of DISH and the DISH Affiliates' breach of the Agreements and failure to pay the Outstanding Amounts, Global has suffered a monetary loss of $969,565.83.

73.     As a result of DISH and the DISH Affiliates' failure to pay the Outstanding Amount, Global's business has suffered damage to its reputation, its business accounts, and has incurred considerable legal fees.

74.     Accordingly, Global is entitled to payment of general damages for the Outstanding Amount in the sum of $969,565.83, plus attorneys' fees and costs.

## COUNT II
## ACTION FOR QUANTUM MERUIT AND UNJUST ENRICHMENT

75.    To state a cause of action for quantum meruit, plaintiff must allege "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services[.]" *Learning Annex Holdings, LLC v. Rich Global, LLC*, 860 F.Supp.2d 237, 242 (S.D.N.Y. 2012) quoting *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d, 168 175 (2d Cir. 2005).

76.    The essential elements of an unjust enrichment claim in New York are: "(1) the defendant benefited; (2) at that plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586 (2d Cir. 2006); *see also Diesel Props S.r.l. v. Grevstone Bus, Credit II LLC*, 631 F.3d 42, 55 (2d Cir. 2011).

77.    Global repeats, reiterates, and realleges each and every allegation contained in Paragraphs "1" through "74" above as though more fully set forth at length herein.

78.    By entering into the Agreements with Global, DISH and the DISH Affiliates induced and requested Global to perform Services for the benefit of DISH and the DISH Affiliates.

79.    Global performed the Services requested by DISH and the DISH Affiliates, and performed such Services in good faith.

80.    Global performed these Services with the expectation of payment.

81.    DISH and the DISH Affiliates received the benefit of the Services.

82.    DISH and the DISH Affiliates have not paid the Outstanding Amount.

**RELIEF REQUESTED**

**WHEREFORE**, plaintiff Global demands judgment as follows:

1. **On the first cause of action**, breach of contract, that Global is awarded a judgment for general damages for the Outstanding Amount in the sum of $969,565.83, plus attorneys' fees and costs;

2. **On the second cause of action,** quantum meruit and unjust enrichment, that Global is awarded damages for the Outstanding Amount in the sum of $969,565.83, which is equal to the value of the Services rendered; and special damages in an amount to be determined, which shall include the costs of attempting to enforce the contract, including, without limitation, attorneys' fees and costs; and a judgment that under principles of equity and good conscience, DISH and the DISH Affiliates should not be permitted to keep the Outstanding Amount.

3. **Other relief,** together with the above relief, that the Court issue a judgment against DISH and the DISH Affiliates for such other legal or equitable relief that the Court deems proper and appropriate.

Dated:   New York, New York
August 25, 2016

GRIFFIN HAMERSKY LLP

By:   /s/Scott A. Griffin
Scott A. Griffin
David M. Smith
Ivy B. Grey
420 Lexington Ave, Suite 400
New York, New York 10170
Telephone: (646) 998-5580

Counsel for Plaintiff
GlobalWorks Group LLC